******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SHAWN TITTLE *v.* SUSAN SKIPP-TITTLE
(AC 35156)

Beach, Keller and Borden, Js.

*Argued February 11—officially released May 6, 2014*

(Appeal from Superior Court, judicial district of
Middlesex, Regional Family Trial Docket, Hon. Lloyd
Cutsumpas, judge trial referee [dissolution judgment];
Munro, J. [motion to modify custody].)

*Lisa M. Vincent*, for the appellant (defendant).

*Joseph T. Brady*, with whom, on the brief, was *Rosemary E. Giuliano*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Susan Skipp-Tittle, appeals from the judgment of the trial court granting the postdissolution motion filed by the plaintiff, Shawn Tittle, to modify a child custody order with respect to the parties' two minor children. In this appeal, the defendant raises several claims challenging the court's decision. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our review of this case. The parties were married in 1999 and had two children. On August 2, 2010, the plaintiff served on the defendant a complaint for dissolution of marriage. The court, *Bozzuto, J.*, appointed a guardian ad litem to represent the best interests of the parties' minor children throughout the dissolution proceedings. On March 28, 2011, the court, *Hon. Lloyd Cutsumpas*, judge trial referee, accepted the parties' dissolution of marriage settlement agreement, which incorporated the parenting agreements entered into by the parties. Pursuant to the judgment, the parties shared joint legal custody of their minor children and the children's primary residence was with the defendant. The plaintiff filed two postjudgment motions for custody modification alleging a substantial change in circumstances. The court, *Hon. Robert T. Resha*, judge trial referee, referred the matter to the family relations division for a custody evaluation. Pending completion of such evaluation, Judge Resha issued temporary orders, dated September 13, 2011, and February 7, 2012, granting the plaintiff's postjudgment motions for custody modification and awarding the plaintiff sole legal custody and primary physical custody of the parties' minor children.

On April 9, 2012, the plaintiff filed this postjudgment motion to modify the original and temporary custody orders, alleging a substantial change in circumstances. Upon receipt of the completed custody evaluation from the family relations division, the court, *Munro, J.*, held a six day trial and issued a memorandum of decision, dated October 16, 2012, granting sole legal and physical custody of the parties' minor children to the plaintiff. The defendant thereafter filed a self-represented motion to modify that custody order, which Judge Cutsumpas denied. This appeal followed.

The defendant raises three claims on appeal: (1) Judge Munro lacked subject matter jurisdiction to modify the original custody order because there was no material change in circumstances and the modification was not in the best interests of the parties' minor children, as required by General Statutes § 46b-56; (2) Judge Munro abused her discretion by modifying the original custody order because there was insufficient evidence that such modification would serve the best interests of the parties' minor children, as required by § 46b-

56; and (3) this court should exercise its supervisory authority over the administration of justice to evaluate the role of court-appointed guardians ad litem.[1]

We have fully reviewed the record and the defendant's claims in light of the record. That review convinces us that all of the defendant's claims are without merit.

The judgment is affirmed.

[1] With respect to the defendant's third claim, we note that the legislature and our Supreme Court are currently considering proposals regarding the role of court-appointed guardians ad litem.